MH

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Carlton Holmes, | No. CV 14-0379-PHX-DGC (BSB) |
| Plaintiff, | |
| v. | **ORDER** |
| Charles L. Ryan, | |
| Defendant. | |

On February 26, 2014, Plaintiff Joseph Carlton Holmes, who was then confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis*. On March 21, 2014, the Court denied the Application to Proceed and gave Plaintiff 30 days in which to either pay the $400.00 filing and administrative fees or file a complete *in forma pauperis* application. On March 27, 2014, Plaintiff filed an "Application for Deferral or Waiver of Court Fees And/Or Costs" that was denied in an Order dated June 11, 2014. Plaintiff was again granted leave to pay the required fees or file a complete *in forma pauperis* application, and on September 22, 2014, he filed another Application to Proceed (Doc. 17).

On November 26, 2014, Plaintiff filed a Motion to Issue Summons (Doc. 19) in which he indicates that he was released from jail on November 20, 2014. Plaintiff has not filed a Notice of Change of Address or provided the Court with a mailing address where service can be effected.

1 Rule 3.4 of the Local Rules of Civil Procedure requires that an incarcerated litigant comply with the instructions attached to the court-approved Complaint form. Those instructions state: "You must immediately notify the clerk . . . in writing of any change in your mailing address. Failure to notify the court of any change in your mailing address may result in the dismissal of your case." (Information and Instructions for a Prisoner Filing Civil Rights Complaint at 2.) In addition, this Court's Orders of March 21, June 11, and September 12 each warned Plaintiff that a failure to file and serve a notice of a change of address could result in dismissal.

Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his current address, and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

The first and second factors favor dismissal, as Plaintiff's failure to supply the Court with an address will prevent this case from proceeding. The potential prejudice to the Defendants is minimal, however, as they have yet to be served. The fourth factor, as always, weighs against dismissal. As for the availability of less drastic sanctions, certain alternatives are bound to be futile in the absence of a current mailing address for Plaintiff. Here, as in *Carey*, "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." 856 F.2d at 1441. Only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS ORDERED** that Plaintiff's Complaint (Doc. 1) and this action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. The Clerk of Court must enter judgment accordingly.

Dated this 16th day of December, 2014.

David G. Campbell
United States District Judge